Pearson, J.
 

 In answer to the objection, that an administrator
 
 de bonis non
 
 is a necessary party, it was contended by the plaintiff’s counsel that, as Cherry had paid off all the debts, assented to the legacies, paid off all the legacies, except the legacy due to the plaintiff, and delivered over to the widow certain property as. the. residue, his duties as executor had terminated, and he was to be considered as having received and held, as trustee for the plaintiff, the proceeds of the property sold after the death of the widow ; and that there was no more necessity for having an
 
 administrator de bonis non
 
 a party, than there would be, if a third person had been trustee, and had received the trust funds from the executor ; for this position the case oí
 
 Birchall
 
 v.
 
 Bradford,
 
 6 Mad. 235, was cited.
 

 
 *268
 
 If the amount of the trust fund had been certain, or been made certain by a settlement filed by Cherry, the executor, there would be much force in the argument, and it would be sustained by the case cited. In that case the amount of the trust fund was certain, to wit, £2000 ; in this case, it is wholly uncertain, to wit, the proceeds of the sale of what property may be left after paying debts and legacies and subject to a life estate of the widow ; and to ascertain its amount, it will be necessary to have a general account of the estate of the testator. This general account is prayed for and is necessary to the relief sought. It is this which distinguishes the two cases ; for it is clear, that a general account of the estate of the testator cannot be taken, without a representative of the testator.
 

 There is another point of view, in which the bill is defective as to parties. The plaintiffis entitled to the benefit of the trust fund for her life, at the discretion of the executor, with a limitation over to her children.
 

 Several questions may arise as to the extent of the plaintiff’s interest. Will she be restricted to the interest of the trust fund during her life
 
 1
 
 Or will she be allowed to use a part of the principal, if necessary for her maintenance ? In these questions the children, ifthere be any, are interested, and if there be none, then, upon failure of the limitation, over an interest will remain undisposed of, and an administration
 
 de bonis non
 
 will be necessary for its distribution. So that the children, iÍ there be any, and the administrator
 
 de bonis non,
 
 if there be no children, are necessary parties, because they are interested in and will be bound by the account, which may be taken of the estate of the testator, and because they are interested in the questions, as to the extent of the plaintiff’s interest in the trust fund.
 

 We concur with his Honor and think the demurrer was properly sustained, and that the bill ought to be dismissed.
 

 Per Curiam.
 

 Decree affirmed;